Stephen C. Ruehmann (167533)
**LAW OFFICES OF STEPHEN C. RUEHMANN**
770 L Street, Suite 950
Sacramento, CA 95814
Tel (916) 449-3939/Fax (916) 449-3929
ruehmannlaw@yahoo.com

Marc A. Fisher, Esq. (47794)
**LAW OFFICES OF MARC A. FISHER**
9580 Oak Avenue Parkway, #15
Folsom, CA 95630
Tel (916) 988-8001/Fax (916) 988-8002
mfisher@cosentinolaw.com

Attorneys for Plaintiff
GERALD HAWKS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD HAWKS,<br><br>Plaintiff,<br><br>VS.<br><br>WASHINGTON MUTUAL BANK FA, a federal savings bank; JPMORGAN CHASE BANK, N.A., a national bank; PARAMOUNT EQUITY MORTGAGE, INC., a California corporation; DEREK COTTON, and individual; CALIFORNIA RECONVEYANCE COMPANY, a California corporation;; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. Wrongful Foreclosure**<br>**2. TILA Violations, Rescission and Restitution (15 U.S.C. § 1601, et seq., 1635, 12 C.F.R. § 226, et seq.)**<br>**3. Violation of Real Estate Settlement Procedures Act (12 U.S.C. § 2605, et seq.)**<br>**4. Breach of the Implied Covenant of Good Faith and Fair Dealing**<br>**5. Breach of Fiduciary Duty**<br>**6. Fraudulent Misrepresentation**<br>**7. Fraudulent Concealment**<br>**8. Civil Conspiracy to Defraud**<br>**9. Violation of Bus. & Prof. Code §17200, et seq. (Unlawful Business Practices)**<br>**10. Quiet Title to Real Property**<br>**11. Declaratory and Injunctive Relief**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff GERALD HAWKS who avers the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1331 and 1337 because it involves federal questions regarding interpretation and proper application of 15 U.S.C. § 1601, et seq. ("TILA"), 12 C.F.R. § 226, et seq. ("Reg. Z") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA").

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has jurisdiction to render the declaratory judgment Plaintiff seeks pursuant to 28 U.S.C. § 2201.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the events transpired in, the and Subject Property is located in the City of Granite Bay, California, County of Placer.

## PARTIES

5. Plaintiff at all relevant times was over the age of 18 and a resident of Placer County, California. Plaintiff is the owner of real property located at 7041 Winterwood Court, Granite Bay, California 95746, which is a single-family residence in which Plaintiff resides (the "Subject Property").

6. At all times mentioned herein, Defendant PARAMOUNT EQUITY MORTGAGE, INC. ("PARAMOUNT"), a California corporation was a licensed mortgage brokerage firm, doing business in Placer County, California, with a main business address of 8781 Sierra College Blvd., Roseville, California 95661. PARAMOUNT was the loan broker who originated the loan for Plaintiff.

7. At all times mentioned herein, Defendant DEREK COTTON ("COTTON") was an agent, employee and/or contractor in the course and scope of employment for PARAMOUNT and was the assigned mortgage broker agent for the loan at issue pertaining to Plaintiff's property.

////

8. At all times mentioned herein, Defendant WASHINGTON MUTUAL BANK FA ("WAMU"), a federal savings bank, was doing business in Placer County, California, with a main business address of 7255 Baymeadows Way, Jacksonville, Florida. WAMU is named as the lender on the original Deed of Trust and Promissory Note for the Subject Property.

9. At all times mentioned herein, Defendant JPMORGAN CHASE BANK, N.A. ("CHASE"), a national bank, was doing business in Placer County, California, with a main business address of 4500 Cherry Creek South Drive, Suite 410, Glendale, Colorado. CHASE is the current lender of Plaintiff's loan, assuming this mantle by acquiring WAMU. Whenever in this complaint an allegation references WMB, it shall be construed as also applying to WAMU as its successor-in-interest.

10. At all times mentioned herein, Defendant CALIFORNIA RECONVEYANCE COMPANY, a California corporation, was and is doing business in the County of Los Angeles, California, and its main corporate address is 9200 Oakdale Ave., Chatsworth, California 91311. CRC is the foreclosing trustee on the promissory note and deed of trust herein at issue.

11. Plaintiff is ignorant of the true name and capacity of each defendant sued herein as DOES 1 to 100, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to include the true names and capacities of those defendants when they have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant sued herein in relation to the property they claim an interest in was the agent and/or employee of each of the remaining defendants thereof and at all times was acting within the purpose and scope of such agency and/or employment.

13. Whenever in this Complaint an act or omission of a corporation, partnership or other business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation, partnership or other business entity acted or omitted to act through its authorized officers, directors, agents, servants and/or employees, acting within the course and scope of their

duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

## BACKGROUND FACTS

14. Plaintiff is the owner of the Subject Property, a single-family residence where he currently resides.

15. Plaintiff's current lender is CHASE.

16. Prior to CHASE the lender was WAMU who provided Plaintiff with a loan on or about March 2007. The WAMU loan officer was COTTON, who was employed by PARAMOUNT, the loan broker. The loan was a 7-year fixed, interest-only at 6.2% with a disclosed APR of 6.83743%. WAMU paid Plaintiff's broker a Yield Spread Premium of $14,950.00, which resulted in Plaintiff having to pay a higher interest rate. Plaintiff was also charged $7,300.00 in origination fees and a $1,260.00 processing fee. These excessive fees resulted in unjust enrichment for the broker and caused Plaintiff significant damages. Plaintiff alleges that WAMU bribed the broker to send them business at the expense of his financial future.

17. At some point in January of 2009, Plaintiff (like millions of other Americans) began to experience severe financial problems, making it increasingly difficult for him to make the payment on his mortgage.

18. At no time since January of 2009, have Defendants or any of its agents, employees, servants or any persons acting on their behalf including the trustee and beneficiaries contacted Plaintiff prior to filing a Notice of Default ("NOD") to discuss the loan and offer Plaintiff assistance. The Notice of Default was filed on August 3, 2009. The only calls Plaintiff ever received prior to that date were collection calls. The callers always mentioned that 'they were attempting to collect a debt.' At some time in the middle of 2009, the callers identified themselves as representatives of CHASE.

19. Other than collection calls, Plaintiff did not receive any telephones calls or any other correspondence from CHASE, its agents, servants, employees or anyone acting on its behalf advising me to contact them prior to the filing a Notice of Default on the subject property. Other than collection calls, contact with CHASE was initiated by Plaintiff. Plaintiff called CHASE in response to the constant recorded collection calls. Plaintiff was never able to speak to someone by returning a call. However, Plaintiff was contacted by a representative in collections who referred Plaintiff to loss mitigation. When Plaintiff called that department, they provided him with loan modification forms to fill out and informed Plaintiff that a loan negotiator would be assigned to his account. This happened in 2009. Plaintiff completed the paperwork and returned it. Plaintiff then called routinely in an attempt to speak with a loan negotiator and was told that he could not speak with him/her. After three (3) months, Plaintiff began feeling frustrated by the complete lack of responsiveness and lack of cooperation. Plaintiff was told repeatedly to update his information and that the representative in loss mitigation at CHASE could not find Plaintiff's paperwork. Plaintiff repeated the entire application process again and received the same result – no contact or discussion with a loan negotiator from loss mitigation at CHASE that was assigned to my case. After two unsuccessful attempts to discuss and secure a loan modification with CHASE over a period of five (5) months, in May of 2009, Plaintiff hired a representative to attempt to negotiate with CHASE on Plaintiff's behalf. CHASE treated the representative Plaintiff hired with the same complete lack of response and communication and never approved the loan modification despite repeated attempts to negotiation and discuss my financial situation.

20. At no time was there any personal meeting or telephonic communication between Plaintiff and CHASE or anyone acting on its behalf to discuss options to modify the loan or to assess Plaintiff's financial situation and provide him with some kind of payment relief. The only option Plaintiff was ever offered was full payment of the arrears. After the Notice of Default was filed in August 2009, Plaintiff received a collection call from Chase and Plaintiff asked if there was a negotiator assigned to his file. The representative informed Plaintiff that a Ms. Walker at

(904) 886-1300 x 17687 had been assigned to his file. Plaintiff tried several times to contact Ms. Walker at this phone number and received voice mail. More often than not, her voice mail was full and when Plaintiff was able to leave a message, his call was never returned.

21. To the best of Plaintiff's recollection, Plaintiff never received from CHASE or anyone acting on its behalf the toll free number to the United States Department of Housing and Urban and Development (HUD) to find a certified counseling agency.

22. As alleged above - and although Plaintiff was at all times available to meet with CHASE either telephonically or in person - at no time prior to issuing the NOD did CHASE or anyone acting on its behalf (much less the beneficiary) conduct a personal or telephonic meeting with Plaintiff to discuss options to pay the loan or to assess their financial situation to avoid foreclosure as required by California Civil Code section 2923.5. Rather, all contacts were initiated by Plaintiff alone and the only responses provided by CHASE were collection calls and disingenuous recommendations to submit meaningless loan modification paperwork which CHASE failed to act upon.

23. Plaintiff personally made several attempts approximately every week for five (5) months to contact CHASE and anyone acting on its behalf to discuss loan modification but was unsuccessful.

24. Plaintiff also hired representatives to contact CHASE to discuss a loan modification prior to, during and after the period of the NOD but no correspondence or calls were returned by CHASE or anyone acting on its behalf to discuss loan modification options.

**FIRST CAUSE OF ACTION**

**Wrongful Foreclosure [Negligence per Se]**

**Against WAMU, CHASE, PARAMOUNT, COTTON, CRC and DOES 1 to 100.**

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraph 1 to 24 above as though fully set forth herein.

////

26. Plaintiff alleges that at all times mentioned herein the Subject Property was his owner-occupied residence and that Plaintiff was a member of the class of persons protected under Civil Code Sections 2923.5 and 2924. Plaintiff alleges further that all times mentioned herein Defendants had a duty to comply with the foreclosure avoidance and workout plan requirements of Civil Code Section 2923.5. Plaintiff further alleges that CRC, as the purported foreclosing trustee, was at all times herein an agent to both Plaintiff and the remaining defendants, and that CRC had a duty to Plaintiff to ensure that foreclosure on the Subject Property was conducted fairly and according to prescribed statutory procedures, including those contained in Civil Code §§ 2923.5 and 2924.

27. Plaintiff maintains on information and belief that there have been numerous improprieties in the assignment, transfer and exercise of the power of sale contained in the Deed of Trust, and that the alleged trustee, CRC, is not properly appointed or authorized by the true beneficiary to foreclose upon the Subject Property. Nonetheless, CRC is proceeding with a trustee sale of Plaintiff's property on February 8, 2010.

28. Plaintiff alleges further that Civil Code § 2923.5 expressly required Defendants to engage in certain communications and contacts, or attempt to engage in such communications and contacts with Plaintiff to help them avoid foreclosure on the Subject Property, and that Defendants were required to conduct these communications and contacts prior to filing the notice of default against Plaintiff.

29. At all times prior to Defendants' filing of the notice of default, Plaintiff was available to meet with defendants or their authorized representatives to assess Plaintiff's financial condition and explore options for Plaintiff to avoid foreclosure. Plaintiff made numerous telephone calls to Defendants that went unanswered as these Defendants, and each of them, proceeded to notice the default and pending sale of the Subject Property without complying with Civil Code § 2923.5.

30. Despite Plaintiff's efforts to explore foreclosure avoidance options, these Defendants, and each of them, failed and refused to: (1) evaluate Plaintiff's financial condition regarding

foreclosure avoidance; and (2) advise Plaintiff of his statutory right to meet with Defendants regarding such foreclosure avoidance. Furthermore, Plaintiff alleges that Defendants reported their filing of the notice of default and foreclosure on the Subject Property to credit reporting agencies, and that such reporting has damaged Plaintiff's credit history and severely impaired Plaintiff's ability to obtain consumer credit and home mortgage financing.

31. As a direct and proximate result of the wrongful conduct described herein, Plaintiff has suffered compensable damages according to proof. Further, Plaintiff will suffer an irreparable injury not compensable in damages if CRC is allowed to proceed with an unauthorized trustee sale of the Subject Property.

## SECOND CAUSE OF ACTION

**Specific Relief – TILA Violations/Rescission under 15 USC §1635, 12 CFR § 226.23**

**Against WAMU, CHASE, PARAMOUNT, COTTON, and DOES 1 to 100.**

32. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff is not certain at this point in time exactly which entity was and is actually the beneficiary, lender or servicer at any given point in time, including the present. However, due to the conspiratorial nature of the conduct complained of herein, and also due to Defendants' failure to properly advise Plaintiff as to the roles and identities of the various entities, known and unknown, these allegations are made as to all Defendants except CRC.

34. Plaintiff was not provided two copies of the statutory form right to rescind before the disbursement of funds as required by Reg. Z, 12 CFR §§ 226.23(b)-(c). Plaintiff was also not informed of the true terms of his loan, nor was he informed of the kickbacks paid to PARAMOUNT.

35. Plaintiff has rescinded his loan by providing a written notice of cancellation to Defendants. Given Defendants' TILA violations, rescission is specifically authorized by 15 U.S.C. § 1635 and 12 CFR § 226.23.

36. As of February 4, 2010, Defendants have taken no action to remove the security interest in Plaintiff's Property or to return the monies due Plaintiff. On the contrary, Defendants are proceeding to foreclose on the cancelled note and deed of trust, which if completed will prevent Plaintiff from exercising his right of rescission.

37. Defendants failure to acknowledge or abide by Plaintiff's notice of cancellation and acts to proceed with foreclosure of the Plaintiff's Property violates 15 U.S.C. Section 1635 and 12 CFR § 226.23.

38. Plaintiff is entitled to rescind the subject transaction and seek to enforce this right by the present action.

## THIRD CAUSE OF ACTION

**RESPA Violations under 12 U.S.C. § 2605, et seq.**

**Against WAMU, CHASE, PARAMOUNT, COTTON, CRC and DOES 1 to 100.**

39. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above as though fully set forth herein.

40. The subject loan is a mortgage loan under the provisions of RESPA, 12 U.S.C. § 2605, et seq. A violation of RESPA is also made unlawful under California state law by Financial Code § 50505, which specifies that any violation of RESPA is also a violation of the California Mortgage Lending Act.

41. Plaintiff is not certain at this point in time exactly which entity was and is actually the beneficiary, lender, servicer or trustee at any given point in time, including the present. However, due to the conspiratorial nature of the conduct complained of herein, and also due to Defendants' failure to properly advise Plaintiff as to the roles and identities of the various entities, known and unknown, these allegations are made as to all Defendants. Plaintiff has submitted a QWR to determine precisely who is involved in this loan and their roles, but Defendants have yet to respond.

42. Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in a pattern and practice of non-compliance with the requirements of RESPA, including failing and refusing to respond in full to properly submitted QWR's and the utilization of MERS to obfuscate the identity of the true beneficiary and holder in due course. Plaintiff is informed and believes that these patterns and practices are designed to conceal TILA and RESPA violations, and to conceal the identity of the true beneficiary and the holder in due course, thus to facilitate unlawful foreclosures such as the instant one.

43. Plaintiff is further informed and believes, and thereon alleges, that Defendants violated RESPA by receiving money and/or other things of value for referrals of settlement service business related to the subject loan, including secret kickbacks and yield spread premiums to loan brokers such as PARAMOUNT. In return, PARAMOUNT steered Plaintiff into a loan at rates and on terms well above market rates and above those that Plaintiff could have obtained absent such practices. The remaining Defendants were at all times knowing and willing co-conspirators in this scheme.

44. As a direct and proximate result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer compensable damages.

## FOURTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### Against WAMU, CHASE, PARAMOUNT, COTTON and DOES 1 to 100.

45. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraph 1 to 44 above as though fully set forth herein.

46. Plaintiff is not certain at this point in time exactly which entity was and is actually the beneficiary, lender or servicer at any given point in time, including the present. However, due to the conspiratorial nature of the conduct complained of herein, and also due to Defendants' failure to properly advise Plaintiff as to the roles and identities of the various entities, known and unknown, these allegations are made as to all Defendants except CRC.

47. The loan agreements between Plaintiff and WAMU included the written Promissory Note and the Deed of Trust. Each of these agreements contained an implied covenant of good faith and fair dealing under which Defendants were obligated to refrain from engaging in any conduct the would prevent Plaintiff from fully enjoying the benefits of these contracts. Defendants breached this covenant by, among other things, paying undisclosed kickbacks and yield spread premiums to PARAMOUNT.

48. Further, as members of the class of persons protected under Civil Code § 2923.5, Defendants' compliance with this statute was and remains a benefit to which Plaintiff is entitled as an implied covenant of the loan agreements. However, in failing and refusing to comply with the foreclosure avoidance provisions of Civil Code § 2923.5, Defendants breached the implied covenant of good faith and the subject loan agreements by: (1) failing to evaluate Plaintiff's financial condition regarding foreclosure avoidance; and (2) failing to advise Plaintiff of his statutory right to meet with Defendants regarding such foreclosure avoidance. Furthermore, Plaintiff alleges that Defendants reported filing of the notice of default and foreclosure on Plaintiff's Property to credit reporting agencies, and that such reporting damaged Plaintiff's credit history and severely impaired Plaintiff's ability to obtain consumer credit and home mortgage financing.

49. As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing described herein, Plaintiff have suffered damage to their consumer credit history and home mortgage creditworthiness with resulting financial loss, and they have suffered additional compensatory damages.

## FIFTH CAUSE OF ACTION

**Breach of Fiduciary Duty/Aiding and Abetting**

**Against WAMU, CHASE, PARAMOUNT, COTTON, CRC and DOES 1 to 100.**

50. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraph 1 to 49 above as though fully set forth herein.

51. Defendant PARAMOUNT was explicitly Plaintiff's agent for the purpose of providing Plaintiff with the subject loan; it was a mortgage broker and financial advisor to Plaintiff. As such, PARAMOUNT owed Plaintiff fiduciary duties. WAMU knew PARAMOUNT was Plaintiff's broker and thus knew of the fiduciary relationship between Plaintiff and PARAMOUNT.

52. Defendant PARAMOUNT, by and through its agents, owed a fiduciary duty to Plaintiff to act primarily for their benefit, to act with proper skill and diligence, to procure the best deal possible for Plaintiff, to not make a personal profit from their agency at the expense of Plaintiff, and to disclose and procure consent to any fees they would receive.

53. PARAMOUNT owed a duty of loyalty and a duty to deal fairly with Plaintiff at all times. All other Defendants owed a duty to not aid and abet the breach of fiduciary duty owed by PARAMOUNT to Plaintiff.

54. PARAMOUNT willfully and intentionally breached their fiduciary obligations and duty of loyalty to Plaintiff by obtaining the subject loan with unfavorable terms and for a self-serving purpose: To receive undisclosed and excessive fees and kickbacks from WAMU, Defendants further breached their fiduciary duties by not disclosing to Plaintiff that they could have obtained a loan on better terms, that they would receive undisclosed profits on the resale, securitization and servicing of the subject loan, and by not advising Plaintiff that they could not afford the loan itself. Defendants and DOES 1 to 100 were at all times aware of and aided and abetted in the breach of fiduciary duties by PARAMOUNT.

55. As a direct proximate result of Defendants' breach as described herein, Plaintiff has been damaged and is entitled to recover actual damages. Further, Defendants' willful, oppressive and malicious breaches of fiduciary duty justify the award of exemplary damages under California Civil Code section 3294.

////

////

## SIXTH CAUSE OF ACTION

**Fraud – Intentional Misrepresentation**

**Against WAMU, CHASE, PARAMOUNT, COTTON, CRC and DOES 1 to 100.**

56. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 55 above as though fully set forth herein.

57. As alleged herein, Defendants have made numerous false representations to Plaintiff regarding the subject loan, its origination, terms, servicing, ownership and the foreclosure process. As alleged in great detail above and herein by reference, Defendant PARAMOUNT and DOES 1 to 100 represented to Plaintiff that the loan procured was on the best terms available for Plaintiffs, that it was a fixed-rate loan, that it was fully amortized, that the payment would not increase, and that Plaintiff could afford the loan. Defendant ASC represented that it had the authority to modify Plaintiff's loan, when it in fact lacked such authority. Defendants MERS and NDEX represented that MERS was the true beneficiary and that NDEX is a duly authorized foreclosing trustee, when in fact neither representation is true.

58. Defendants' representations were material to Plaintiff's decision to accept the loan procured for them by Defendants and to make payments on said loan. Unfortunately, as Plaintiff is just now learning, Defendants' representations were false.

59. Defendants made the above representations to Plaintiff with knowledge of their falsity or with reckless disregard for their trust and falsity.

60. Defendants made the above representations to Plaintiff with the knowledge and intent that Plaintiff would rely thereon and with the intent to deceive Plaintiff and induce them to consummate the subject loan.

61. In reasonable and justifiable reliance on Defendants' representations, and without knowledge of their falsity, Plaintiff was induced to his financial detriment to proceed to closing on the subject loan. But for Defendants' misrepresentations, Plaintiff would not have consummated the subject loan.

62. As a direct and proximate result of Defendants' intentional fraudulent conduct, Plaintiff has suffered and will suffer compensable damages.

63. Defendants committed such fraud with malice and oppression, and Plaintiff is entitled to an award of punitive damages. Further, Plaintiff will suffer an irreparable injury not compensable in damages if Defendants are allowed to proceed with the trustee sale of Plaintiff's Property.

**SEVENTH CAUSE OF ACTION**

**Fraud - Concealment**

**Against WAMU, CHASE, PARAMOUNT, COTTON, CRC and DOES 1 to 100.**

64. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 63 above as though fully set forth herein.

65. Plaintiff alleges that Defendants concealed material facts from them as alleged above, including that they could have obtained a loan on better terms than offered, that the loan was an interest only, negative amortization ARM, that they could not afford payments on the loan and that their loan would be resold and securitized to an unknown third party. Defendants concealed these facts to induce Plaintiff to consummate the loan and to make payments thereunder.

66. Plaintiff is informed and believes that many additional material facts regarding their loan, its origination, ownership and servicing, have been concealed but will be revealed in response to Plaintiff's QWR and in the course of discovery in this case. Plaintiff will supplement these allegations and amend this complaint as soon as the full extent of Defendants' concealment becomes known.

67. As a direct and proximate result of Defendants' fraudulent concealment described herein, Plaintiff has suffered compensatory damages according to proof.

68. Defendants committed such fraudulent concealment with malice and oppression, and Plaintiff is therefore entitled to an award of punitive damages. Further, Plaintiff will suffer an

irreparable injury not compensable in damages if Defendants are allowed to proceed with the trustee sale of the Plaintiff's Property.

## EIGHTH CAUSE OF ACTION

### Civil Conspiracy to Defraud

### Against WAMU, CHASE, PARAMOUNT, COTTON, CRC and DOES 1 to 100.

69. Plaintiff re-alleges and incorporate by reference the allegations of paragraphs 1 to 68 above as though fully set forth herein.

70. Plaintiff alleges that Defendants had a duty to provide Plaintiff with accurate, truthful and complete information regarding their loan and purchase of the Plaintiff's Property, as well as its subsequent securitization and resale on the secondary market.

71. Plaintiff alleges further that Defendants made numerous material misrepresentations and concealed key facts from Plaintiff to induce them to enter into and make payments on the subject loan.

72. Defendants committed the above-described acts pursuant to an agreement by and between Defendants to defraud Plaintiff into entering the subject loan, to pay and make secret profits from the origination, resale and servicing of the subject loan, and to induce Plaintiff to forego seeking redress for the wrongs committed until their property was foreclosed upon and forever lost.

73. As a direct and proximate result of Defendants' agreement and conspiracy to commit the fraudulent acts described herein, Plaintiff have suffered compensable damages according to proof.

74. Additionally, Defendants engaged in this conspiracy to defraud with malice and oppression, and Plaintiff is therefore entitled to an award of punitive damages. Further, Plaintiff will suffer an irreparable injury not compensable in damages if the ultimate object of Defendants' conspiracy – the wrongful foreclosure of Plaintiff's property – is permitted to take place.

## NINTH CAUSE OF ACTION

**Violation of Bus. & Prof. Code §17200, et seq.**

**(Unlawful Business Practices)**

**Against All Defendants**

75. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 74 above as though fully set forth herein.

76. Plaintiff alleges that by engaging in the above-described acts and practices, Defendants have committed one or more acts of unlawful business practices within the meaning of California Business and Professions Code §§17200, *et seq*. These unlawful business practices include, without limitation as to matters that may be revealed through discovery, misrepresentations and concealment regarding the inception, terms, ownership and servicing of Plaintiff's loan, the unlawful foreclosure on the Plaintiff's Property without complying with Civil Code §§ 2923.5 and 2924, and the conspiracy to defraud and defrauding of Plaintiff to induce them to enter into and continue making payments under the subject loan. Each of these unlawful business practices has caused Plaintiff substantial financial harm. Moreover, Plaintiff will also suffer an irreparable injury not compensable in damages if the ultimate object of Defendants' conspiracy – the wrongful foreclosure of Plaintiff's property – is permitted to take place

77. In addition to the relief requested in the Prayer below, Plaintiff seeks a constructive trust over, and restitution of the monies collected and realized by Defendants.

78. Plaintiff alleges that the unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiff have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or recurring in the future, or to prevent the unlawful foreclosure of Plaintiff's Property.

79. Plaintiff alleges that they are entitled to equitable relief, including rescission, restitution, disgorgement of all profits accruing to Defendants because of their unlawful and deceptive acts

and practices, attorney's fees and costs, declaratory relief, and a permanent injunction barring Defendants from foreclosing on Plaintiff's Property or otherwise interfering with Plaintiff's use and enjoyment of same.

**TENTH CAUSE OF ACTION**

**Quiet Title to Real Property**

**Against WAMU, CHASE, PARAMOUNT, COTTON, CRC and DOES 1 to 100.**

80. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 87 above as though fully set forth herein.

81. The purpose of quiet title is to establish title against adverse claims to real property or any interest in the Real Property *(Code of Civil Procedure of California 760.020).*

82. Plaintiff is the owner of Plaintiff's Property per the Deed of Trust executed by Plaintiff.

83. The basis of Plaintiff's interest in title is a Deed of Trust, granting Plaintiff's Property to Plaintiff, and recorded in the Official Records of the County of Sacramento, California.

84. Plaintiff is seeking to quiet title against the claims of Defendants as follows: Defendants are seeking to hold themselves out as the fee simple owners of Plaintiff's Property and beneficiaries of the Promissory Note, when in fact they are not. While Defendants claim to be beneficiaries and/or trustees and/or servicers under various documents, Defendants in fact have no right, title, interest, or estate in Plaintiff's Property, and Plaintiff's interests are adverse to Defendants' claims of ownership, right, title or interest.

85. Plaintiff therefore seeks a judicial declaration that the title to the Plaintiff's Property is vested in Plaintiff alone and that Defendants be declared to have no estate, right, title, or interest in Plaintiff's Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title, or interest in the Plaintiff's Property, adverse to Plaintiff herein.

**ELEVENTH CAUSE OF ACTION**

**Declaratory and Injunctive Relief**

**Against All Defendants**

86. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 85 above as though fully set forth herein.

87. Plaintiff alleges that an actual controversy exists as to the following issues:

a. Plaintiff contends that Defendants are not the present beneficiaries, owners, or holders in due course of the Promissory Note at issue herein. However, Defendants contend that they are the holder in due course and beneficiary.

b. Plaintiff contends that Defendants are not authorized or empowered to proceed with foreclosure on the Plaintiff's Property, in that Defendants are not the beneficiaries, owners or holders in due course or beneficiary, such that any appointment of a foreclosing trustee is invalid, as is the NOD here. However, Defendants contend they are empowered to proceed with foreclosure, that they are the beneficiaries, owners or holders in due course, that appointment of NDEX was therefore valid, as was the NOD.

c. Plaintiff contends that Defendants failed to comply with the foreclosure avoidance and workout plan requirements of Civil Code Section 2923.5. However, Defendants contend they have complied with all such requirements.

d. Plaintiff contends that they have rescinded the loan and that such rescission bars Defendants from proceeding with foreclosure. However, Defendants contend that the loan may not be rescinded and that the foreclosure can proceed.

88. Plaintiff desires a judicial determination of the parties' respective rights and duties with regard to the above disputes, and declaration as to validity for the finance loan agreement, finance loan transaction, and Defendants' right to proceed with remedies to foreclose on the note, inclusive of a non-judicial foreclosure of Plaintiff's Property.

89. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain their rights under the Note and as to Defendants' right to proceed with their remedies, inclusive of the non-judicial foreclosure of Plaintiff's Property.

90. Plaintiff alleges that Defendants' actions have undermined Plaintiff's right to his Property and have interfered, and continue to interfere, with Plaintiff's right of possession as the owner of Plaintiff's Property.

90. By the actions above and set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case. Plaintiff requests that this court grant a Preliminary Injunction and Temporary Restraining Order first as to any action to set the Plaintiff's Property for a non-judicial sale pursuant to foreclosure proceedings, and secondly a permanent injunction precluding defendants from engaging in the wrongful conduct identified herein in the future.

## JURY TRIAL DEMANDED

91. Plaintiff demands that this case be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all of the Defendants and each of them as follows:

1. That the foreclosure or attempted foreclosure of the Subject Property is deemed illegal and void and the same be immediately and permanently enjoined from conducting any sale, transfer, conveyance, action or any taking any other action adverse to Plaintiff's interest therein;
2. That the underlying loan transaction be deemed void as a result of Defendants' various breaches and violations and Plaintiff's rescission of said transaction;
3. That the actions of all of the Defendants be determined to be unfair and deceptive business practices in violation of California Statutes and that this Court award all such relief to Plaintiff as they may be entitled, including injunctive relief, treble damages and an award of costs and attorney's fees;
4. For compensatory damages according to proof;
5. For punitive damages according to proof;
6. For an award of reasonable attorney's fees and costs of suit incurred;

7. That Defendants adverse claims against Plaintiff's title be determined baseless, and for an order vesting title in Plaintiff alone; and

8. For any other relief the Court may deem just and proper.

Respectfully Submitted,

Dated: February 4, 2010

/S/
Stephen C. Ruehmann
Attorney for Plaintiff